UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joshua Isensee,<br>　　　　Plaintiff | )<br>)<br>) | |
| vs. | )<br>) | CIVIL ACTION<br>NO. |
| Quinn Fisheries, Inc.<br>　　　　Defendant | )<br>)<br>) | 11 11694 |

## PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

Now comes the plaintiff, Joshua Isensee, in the above-entitled action and says:

### JURISDICTION

This Court has Subject Matter Jurisdiction over this matter, pursuant to 46 U.S.C. 688, as well as under the General Maritime Law of the United States.

### THE PARTIES

First:  The plaintiff is a resident of the City of New Bedford, County of Bristol, Commonwealth of Massachusetts, a seaman, and at all times hereinafter referred to, a member of the crew of the F/V CELTIC.

Second:  The defendant, Quinn Fisheries, Inc., is a corporation with a principal place of business in New Bedford, Massachusetts.

### COUNT I

Third:  The defendant, Quinn Fisheries, Inc. at all times referred to owned, operated, controlled and managed the F/V CELTIC.

Fourth:  On or about March 6, 2011, the plaintiff was in the employ of the defendant, Quinn Fisheries, Inc.., as a seaman aboard the F/V CELTIC.

Fifth:  On or about March 6, 2011, while the said F/V CELTIC was in navigable waters and while the plaintiff was in the exercise of due care in the performance of his duties, he sustained severe and painful personal injuries.

Sixth: The injuries sustained by the plaintiff were not caused by any fault on his part, but were caused by the fault of the defendant Quinn Fisheries, Inc., his agents or servants, as follows:

    (a)    Failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances.

    (b)    Failure to use due care to make reasonable and periodic inspection of said vessel, its equipment and appliances.

    (c)    Failure to use due care to furnish the plaintiff with a reasonable safe place in which to perform the work.

    (d)    Failure and negligence of fellow employees.

    (e)    Failure and negligence in other respects that will be shown at trial.

Seventh: As a result of the said injuries, the plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at trial.

Eighth: This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the plaintiff demands judgment against the defendant Russo Fishing Corp. in the sum of THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) together with costs and interest.

## COUNT II

First: The plaintiff reiterates all the allegations set forth in Paragraphs "First," "Second," "Third," "Fourth," "Fifth," "Sixth," "Seventh," and "Eighth" above.

Second: The injuries sustained by the plaintiff were due to no fault of his own, but were caused by the unseaworthiness of the defendant, Quinn Fisheries, Inc.'s vessel the F/V CELTIC.

Third: As a result of the said injuries, the plaintiff has suffered great pain of body and mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will suffer other damages as will be shown at trial.

Fourth: This cause of action is brought under the same General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the plaintiff demands judgment against the defendant Russo Fishing Corp. in the sum of THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000.00) together with costs and interest.

### COUNT III

First: The plaintiff reiterates all the allegations set forth in Paragraphs "First," "Second," "Third," and "Fourth," of Count II.

Second: As a result of his injuries, the plaintiff incurred expenses for his maintenance and cure and will continue to do so all to his damage as will be shown at trial.

WHEREFORE, the plaintiff demands judgment against the defendant, Quinn Fisheries, Inc. in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) together with costs and interest; and, in addition, an award of punitive damages and attorney's fees for the defendant Quinn Fisheries, Inc.'s willful and persistent failure to make prompt payment of maintenance and cure during the period of the plaintiff's disability.

### PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES

Plaintiff,
By his attorney,

_____
BRIAN S. MCCORMICK, ESQ.
BBO #550533
Orlando & Associates
One Western Avenue
Gloucester, MA 01930
(978) 283-8100

Date: 9/23/11